PAUL FRARY, Plaintiff, *v.* CHARLES S. HERZIG et al., Defendants.

Supreme Court, Appellate Term, First Department, April 10, 1924.

Principal and agent — action for breach of contract for purchase of certain stock — plaintiff alleged defendants sold him their own stock for which he paid them brokerage commissions — judgment for plaintiff reversed where evidence does not sustain cause of action and he is unable to restore stock.

In an action by the plaintiff for losses suffered by reason of a breach of contract it appeared that the defendants, stockbrokers, agreed to purchase for plaintiff 3,000 shares of a certain stock; that defendants' memoranda of purchases, which they delivered to the plaintiff, indicated that the stock had been bought in blocks from certain named individuals; that plaintiff paid the defendants their brokerage commissions and subsequently had the stock sold by another brokerage firm at a loss of $900; and that the evidence on the trial seemed to indicate that the defendants sold their own stock to the plaintiff.

*Held,* that a judgment for the plaintiff should be reversed since the evidence offered fell far short of proving that the defendants sold their own stock to the plaintiff and since it further appeared that the plaintiff would not be entitled to rescind the contract since he was unable to restore the stock.

APPEAL by the defendants from a judgment in favor of the plaintiff in the Municipal Court of the city of New York, borough of Manhattan, ninth district, after a trial by the court without a jury.

*Julius Levy* (*Montague Lessler*, of counsel), for the appellants.

*Joseph Dannenberg*, for the respondent.

*Per Curiam.* Plaintiff sued for $900, which he alleges is the amount of his damage for breach of contract. Defendants, stock-

brokers, agreed to purchase for plaintiff 3,000 shares of a stock. They sent him memoranda of purchases, one for 2,000 shares and the other for 1,000. The first one contained a notation that the stock had been bought from three named individuals, one of whom was named Maltman. The second block of 1,000 shares the defendants stated was bought entirely from Maltman. Plaintiff paid brokerage commissions amounting to $60 and advanced the necessary margin. He later called for the stock, and at his request it was delivered to another brokerage firm, which subsequently, in accordance with plaintiff's orders, sold it. Plaintiff's loss on the sale was $900. Plaintiff produced Maltman, the alleged original owner of some of these shares, who testified that he had never owned any shares of this company. He was confirmed by the testimony of an employee.

Upon this record plaintiff rested, and defendants also rested, and moved for a dismissal of the complaint. A judgment has been entered for $900. The theory of plaintiff's cause of action, as outlined in his brief, is that the defendants have sold him their own stock. If this had been proved, he would have been entitled to rescind, were he in a position to do so; but the evidence which he has offered falls far short of proving any such cause of action, and it further appears that he is unable to restore the stock. Upon what theory the damages have been awarded by the learned trial court does not appear.

It cannot be sustained by the cause of action suggested in the brief of respondent, and the judgment must be reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, BIJUR, McCook and CRAIN, JJ.

Judgment reversed and complaint dismissed.